

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 31, 2020

**BY ECF**

The Honorable Ronnie Abrams
United States District Court Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States* **v.** *Andre Williams*, 19 Cr. 782 (RA)

Dear Judge Abrams:

    The defendant in this case, Andre Williams, is scheduled to be sentenced on April 7, 2019 at 9:00 a.m., having pled guilty to possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1). The Government submits this letter in advance of the sentencing. For the reasons explained below, the Government submits that a sentence within the United States Sentencing Guidelines ("Guidelines") range determined by the Probation Department of 15 to 21 months' imprisonment is warranted in this case.

    I.    **Offense Conduct and Procedural History**

    On May 30, 2019, at approximately 2:30 p.m., New York City Police ("NYPD") officers who were patrolling in the Bronx, New York, received a radio report that there was a male in a tank top in possession of a 25 caliber pistol in the vicinity of East 158th Street and Park Avenue in the Bronx, New York. Presentence Investigation Report ("PSR") ¶ 6. Nearby officers who responded to the radio report drove to the vicinity of the intersection and observed Andre Williams wearing a white tank top outside of a bodega. PSR ¶ 7. As the defendant started to walk northbound on Park Avenue, the officers followed in their car. PSR ¶ 8. Shortly thereafter, the defendant turned in the direction of the police car and began to run. PSR ¶ 8. Officers followed the defendant on foot as the defendant attempted to escape by running through an alleyway, and one of the officers observed the defendant stopping briefly to place a firearm on the ground before continuing to run. PSR ¶ 9. The officer then retrieved the firearm (the "Firearm") from the ground where the defendant had left it and another officer apprehended the defendant. ¶ 10. The Firearm is a Colt semi-automatic .25 auto caliber pistol loaded with six Remington-Peters .25 auto caliber cartridges, all of which were manufactured outside of New York. PSR ¶ 12.

Hon. Ronnie Abrams
March 31, 2020
Page 2 of 4

      Prior to the May 30, 2019 arrest, the defendant was convicted of, among other crimes, criminal sale of a controlled substance in the fifth degree in the Bronx County Supreme Court, for which the defendant was sentenced to two to four years' imprisonment.

      On September 30, 2019, the Government sent to defense counsel a letter pursuant to the suggestion of the Second Circuit in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), which calculated the applicable Sentencing Guidelines Range to be 15 to 21 months' imprisonment, based on an adjusted offense level of 12 and a criminal history category of III. PSR ¶ 3.  On October 31, 2019, a grand jury sitting in the Southern District of New York issued an indictment (the "Indictment"), charging the defendant with one count of possessing a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).  PSR ¶ 1.  On December 20, 2019, the defendant pled guilty to the Indictment.  PSR ¶ 2.  On March 23, 2020, the Probation Department issued its final Presentence Investigation Report, which also determined that the applicable Guidelines range is 15 to 21 months' imprisonment, based on a total offense level of 12 and a criminal history category of III.  PSR ¶¶ 12, 39, 83.

## II.   Discussion

      A sentence within the applicable Guidelines range of 15 to 21 months' imprisonment is sufficient and not greater than necessary, in light of the history and characteristics of the defendant and the need to protect the public, to promote the purpose of the law, and to afford adequate deterrence of future criminal conduct.  *See* 18 U.S.C. § 3553(a)(1)-(2) (C).

      *First*, a sentence within the Guidelines range adequately reflects the seriousness of the instant offense is a serious one.  The defendant deliberately brought a loaded firearm into a bodega in broad daylight, while there were plenty of people out and about.  That someone had called NYPD to likely complain about the defendant and his possession of a firearm likely indicates that the defendant not only possessed the loaded firearm, but made it visible to others.  Moreover, when police officers arrived to address the situation, the defendant gave chase, forcing police officers to chase him down a more secluded alleyway, exposing the police officers and bystanders of further danger.  These are precisely the types of actions and circumstances that make possession of firearms so dangerous—to the defendant, to police officers, and to the public.  As the Second Circuit has found, "[p]ossession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence. . . Without possession of guns such persons are far less capable of committing acts of violence.  The prohibition of gun possession by previously convicted criminals seeks to protect society by reducing the risk of violence that may result from the possession of guns by persons inclined to crime." *United States* v. *Dillard*, 214 F.3d 88, 93 (2d Cir. 2000)

      *Second*, a sentence within the Guidelines range is appropriate in light of the defendant's criminal history.  The current conviction is the defendant's eleventh conviction and the defendant's fourteenth arrest.  In addition to several convictions and pending cases related to narcotics sales, this is the defendant's third conviction for unlawful possession of a firearm.  And though many of these convictions are old, the events that led to the defendant's current

Hon. Ronnie Abrams
March 31, 2020
Page 3 of 4

conviction are not aberrational. On September 26, 2018, less than a year before, the defendant was arrested for threatening to kill his ex-girlfriend and displaying a firearm. The very next day, the defendant was arrested with a loaded firearm, 17 grams of cocaine and packaging materials. And the defendant was arrested on May 30, 2019 for the current offense while he was out on bail pending trial on these two open cases. This criminal history demonstrates that time and time again the defendant deliberately armed himself and put the community at risk with his actions.

*Third*, a Guidelines sentence is needed for specific deterrence to prevent the defendant from engaging in additional crimes. As specified above, the defendant is well familiar with the criminal justice system, and has served significant terms of incarceration in the past—including a 2 to 4 year term of imprisonment for which the defendant served until the maximum expiration date. PSR ¶ 30. Despite these previous terms of incarceration, the defendant has continued to engage in dangerous criminal conduct. Thus, the defendant's pattern of behavior indicates that a significant period of incarceration is necessary to deter future violence and to protect the public.

### III.   Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 15 to 21 months' imprisonment.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

by: /s/ Ni Qian
Ni Qian
Assistant United States Attorney
(212) 637-2364